**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY, AND PFIZER INC. <br><br> Plaintiffs, <br><br> vs. <br><br> AUROBINDO PHARMA USA INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. 1:17-cv-00374-LPS |

**AUROBINDO PHARMA USA INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant AUROBINDO PHARMA USA INC. ("Aurobindo" or "Defendant"), by and through its attorneys, answers the Complaint dated April 5, 2017 of plaintiffs BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC. (collectively referred to hereinafter as "Plaintiffs"), as follows:

All averments not expressly admitted are denied.

**NATURE OF THE ACTION**

1.      The allegations in paragraph 1 are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo admits that Plaintiffs' Complaint purports to be a civil action alleging infringement pursuant to Title 35 of the United States Code in connection with Abbreviated New Drug Application ("ANDA") No. 210026 filed by Aurobindo with the U.S. Food and Drug Administration ("FDA"). Aurobindo denies all other allegations in paragraph 1.

2.      Aurobindo admits that it submitted ANDA No. 210026 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial

1

manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg, and that ANDA No.210026 contained certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for U.S. Patent Nos. 6,967,208 ("the '208 patent") and 9,326,945 ("the '945 patent"). Aurobindo further admits that ANDA No.210026 identifies ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg, as the Reference Listed Drug. Aurobindo denies all other allegations in paragraph 2.

## PARTIES

3. Aurobindo admits upon information and belief that BMS is organize and existing under the laws of the state of Delaware and that it has a place of business at Route 206 and Province Line Road, Princeton, New Jersey. Except as so admitted, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of the Complaint and therefore denies them.

4. Aurobindo admits upon information and belief that Pfizer is a corporation organized and existing under the laws of the state of Delaware and that it has a place of business at 235 East 42nd Street, New York, New York. Except as so admitted, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint and therefore denies them.

5. Aurobindo admits that Plaintiffs sell Eliquis in this judicial district and in other districts throughout the United States. Except as so admitted, Aurobindo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6. Admitted.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 are legal conclusions to which no answer is

required. To the extent an answer is required, Aurobindo admits that Plaintiffs' Complaint purports to bring an action for patent infringement under the Patent Laws, 35 U.S.C. § 100 *et seq*. Aurobindo does not contest subject matter jurisdiction in this Court solely for purposes of Plaintiffs' claims against Aurobindo in this case and solely as they apply to the proposed product described in ANDA No. 210026. Aurobindo denies all other allegations in paragraph 7.

8. The allegations in paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo does not contest personal jurisdiction in this Court solely for purposes of Plaintiffs' claims against Aurobindo in this case and solely as they apply to the proposed product described in ANDA No. 210026. Aurobindo admits the allegations in the second sentence. Aurobindo denies all other allegations in paragraph 8.

## PATENTS-IN-SUIT

9. Aurobindo admits that the '208 patent is entitled "Lactam-Containing Compounds and Derivatives thereof as Factor Xa Inhibitors" on the face of the patent. Aurobindo further admits on information and belief that what purports to be a copy of the '208 patent is attached to the Complaint as Exhibit A. Aurobindo further admits that the '208 patent lists November 22, 2005 as the date of issuance of the patent, and Bristol-Myers Squibb Pharma Company as the Assignee. Aurobindo further admits, on information and belief, that FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") asserts that the patent has not expired in listing the expiration date of the '208 patent as February 3, 2023. The allegations in the third sentence are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo denies the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions

to which no answer is required. To the extent an answer is required, Aurobindo lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence and therefore denies them. Aurobindo denies all other allegations in paragraph 9.

10. Aurobindo admits that the '945 patent is entitled "Apixaban Formulations" on the face of the patent. Aurobindo further admits on information and belief that what purports to be a copy of the '945 patent is attached to the Complaint as Exhibit B. Aurobindo further admits that the '945 patent lists May 3, 2016 as the issue date of the patent and Bristol-Myers Squibb Company and Pfizer Inc. as the Assignees. Aurobindo further admits on information and belief that FDA's Orange Book asserts that the '945 patent is not expired in listing the expiration date of the '945 patent as February 24, 2031. The allegations in the third sentence are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo denies the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence and therefore denies them. Aurobindo denies all other allegations in paragraph 10.

11. Aurobindo admits that FDA's Orange Book lists Bristol Myers Squibb Co. Pharmaceutical Research Institute as the Applicant Holder for NDA No. 202155, ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg. Aurobindo further admits that FDA's Orange Book lists the '208 and '945 patents in connection with NDA No. 202155. Aurobindo admits that the prescribing information for ELIQUIS® recites the indications and usages as set forth in the three sentence of paragraph 11. Further, Aurobindo admits that Exhibit C to the complaint sets forth some prescribing information for ELIQUIS®. As Aurobindo lacks

knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 11, it therefore denies them.

## INFRINGEMENT BY AUROBINDO

12. Aurobindo admits that it sent a letter dated February 27, 2017 to Plaintiffs notifying Plaintiffs that Aurobindo submitted ANDA No.210026 to the FDA under 21 U.S.C. § 355(j) ("Aurobindo's February 27, 2017 letter"). Aurobindo further admits that Plaintiffs received Aurobindo's February 27, 2017 letter on or about February 28, 2017. As Aurobindo lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 12, Aurobindo denies all other allegations in paragraph 12.

13. Aurobindo admits that Aurobindo's February 27, 2017 letter states that Aurobindo submitted ANDA No.210026 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg, and that ANDA No.210026 contained certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '208 patent and the '945 patent. Aurobindo denies all other allegations in paragraph 13.

14. The allegations in paragraph 14 are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo admits having submitted ANDA No.210026 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, or sale of apixaban oral tablets, 2.5 mg and 5 mg. Aurobindo further admits that ANDA No.210026 identifies ELIQUIS® (apixaban) oral tablets, 2.5 mg and 5 mg, as the Reference Listed Drug and that ANDA No.210026 contains information intended to establish bioequivalence with the Reference Listed Drug. Aurobindo denies all other allegations in paragraph 14.

15. Aurobindo admits that the product labeling for the proposed apixaban oral tablets, 2.5 mg and 5 mg that are the subject of ANDA No. 210026 will comply with applicable law, and that all indications for use are set forth therein. Aurobindo denies all other allegations in paragraph 15.

16. Aurobindo admits that it submitted Aurobindo's February 27, 2017 letter, notifying Plaintiffs that ANDA No. 210026 had been submitted to FDA under 21 U.S.C. § 355(j) included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '208 patent and the '945 patent. Aurobindo further admits that Aurobindo's March 8, 2017 letter included a detailed statement of the factual and legal bases for its certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Aurobindo denies all other allegations in paragraph 16.

17. Aurobindo admits that Aurobindo's February 27, 2017 letter contained an offer of confidential access in compliance with 21 U.S.C. § 355(j)(5)(C)(i)(III), which required that the recipients accept the offer of confidential access before receiving access to any portions of ANDA No. 210185, consistent with the statute. The other allegations in paragraph 17 are legal conclusions to which no answer is required. To the extent an answer is required, Aurobindo denies all other allegations in paragraph 17.

18. The allegation in paragraph 18 is a legal conclusion to which no answer is required. To the extent that a response is required, Aurobindo admits that Plaintiffs commenced this action by filing their Complaint on April 5, 2017. Aurobindo denies all other allegations in paragraph 18.

## COUNT I
## (INFRINGEMENT OF THE '208 PATENT)

19. Aurobindo repeats and re-alleges its answers to each of the preceding paragraphs 1-18, as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT II
## (INFRINGEMENT OF THE '945 PATENT)

25. Aurobindo repeats and re-alleges its answers to each of the preceding paragraphs 1-24, as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## REQUEST FOR RELIEF

Aurobindo specifically denies that Plaintiffs are entitled to the general or specific relief requested against Aurobindo, or to any relief whatsoever, and pray for judgment in favor of Aurobindo dismissing this action with prejudice, and awarding Aurobindo its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Aurobindo avers and asserts the following Affirmative Defenses to Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,967,208)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No.210026 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '208 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,967,208)

Upon information and belief, the claims of the '208 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 9,326,945)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, sale, or offer to sell within, and/or importation into, the United States of the proposed apixaban oral tablets, 2.5 mg and 5 mg, that are the subject of ANDA No.210026 will directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid claim of the '945 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 9,326,945)

Upon information and belief, the claims of the '945 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

## RESERVATION OF DEFENSES

Aurobindo hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

| | |
|---|---|
| Dated:  June 15, 2017 | Respectfully submitted, |
| | CONNOLLY GALLAGHER LLP |
| | /s/ *Arthur G. Connolly, III* <br> Arthur G. Connolly (#2667) <br> Connolly Gallagher LLP <br> The Brandywine Building <br> 1000 West Street <br> Suite 1400 <br> Wilmington, DE 19801 <br> (302) 888-6318 <br> aconnolly@connollygallagher.com <br> *Attorneys for Defendant Aurobindo Pharma USA Inc.* |

OF COUNSEL:
Steven J. Moore
Withers Bergman LLP
1700 East Putnam Road
Old Greenwich, CT 06870-1366
(203) 302-4069