**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | |
| v. | C.A. No. 17-cv-374-LPS |
| AUROBINDO PHARMA USA INC., | |
| Defendant and Counterclaim-Plaintiff. | |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | |
| v. | C.A. No. 17-cv-375-LPS |
| BRECKENRIDGE PHARMACEUTICAL, INC., | |
| Defendant and Counterclaim-Plaintiff. | |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | |
| v. | C.A. No. 17-cv-376-LPS |
| HETERO USA INC., HETERO LABS LTD., and HETERO LABS LTD. UNIT-V, | |
| Defendants and Counterclaim-Plaintiffs. | |

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

    Plaintiffs and Counterclaim-Defendants,

          v.

INVAGEN PHARMACEUTICALS, INC.,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-377-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

    Plaintiffs and Counterclaim-Defendants,

          v.

LUPIN LTD.,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-378-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

    Plaintiffs and Counterclaim-Defendants,

          v.

MYLAN PHARMACEUTICALS INC.,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-379-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

SUNSHINE LAKE PHARMA CO., LTD.,
SUNSHINE LAKE LLC, and HEC PHARM
USA INC.,

      Defendants and Counterclaim-Plaintiffs.

C.A. No. 17-cv-380-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

TORRENT PHARMACEUTICALS LTD.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-381-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

UNICHEM LABORATORIES, LTD.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-382-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

ACCORD HEALTHCARE INC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-398-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

APOTEX, INC. and APOTEX CORP.,

      Defendants and Counterclaim-Plaintiffs.

C.A. No. 17-cv-399-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

BIONPHARMA INC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-400-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

     Plaintiffs and Counterclaim-Defendants,

          v.

DR. REDDY'S LABORATORIES, LTD. and
DR. REDDY'S LABORATORIES, INC.,

     Defendants and Counterclaim-Plaintiffs.

C.A. No. 17-cv-401-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

     Plaintiffs and Counterclaim-Defendants,

          v.

EMCURE PHARMACEUTICALS LTD.,

     Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-402-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

     Plaintiffs and Counterclaim-Defendants,

          v.

IMPAX LABORATORIES, INC.,

     Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-403-LPS

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | C.A. No. 17-cv-404-LPS |
| v. | |
| INDOCO REMEDIES LTD., | |
| Defendant and Counterclaim-Plaintiff. | |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | C.A. No. 17-cv-405-LPS |
| v. | |
| MACLEODS PHARMACEUTICALS LTD., | |
| Defendant and Counterclaim-Plaintiff. | |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | |
| Plaintiffs and Counterclaim-Defendants, | C.A. No. 17-cv-406-LPS |
| v. | |
| MICRO LABS USA INC. and MICRO LABS, LTD., | |
| Defendants and Counterclaim-Plaintiffs. | |

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

            v.

SANDOZ INC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-407-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

            v.

SIGMAPHARM LABORATORIES, LLC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-408-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

            v.

SUN PHARMACEUTICAL INDUSTRIES INC.
and SUN PHARMA GLOBAL FZE,

      Defendants and Counterclaim-Plaintiffs.

C.A. No. 17-cv-409-LPS

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

WOCKHARDT BIO AG and WOCKHARDT
USA, LLC,

      Defendants and Counterclaim-Plaintiffs.

C.A. No. 17-cv-411-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

ZYDUS PHARMACEUTICALS (USA) INC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-412-LPS

---

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,

      Plaintiffs and Counterclaim-Defendants,

          v.

PRINSTON PHARMACEUTICAL INC.,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 17-cv-426-LPS

## [PROPOSED] SCHEDULING ORDER

This 2nd day of _Nov._ , 2017, the Court having consulted with the parties'

attorneys and received a joint proposed scheduling order pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http://www.ded.uscourts.gov, see Chambers, Judge Leonard P. Stark, Patent Cases), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Consolidation.  These actions are consolidated for purposes of discovery and all papers shall be filed in Civil Action No. 17-374-LPS.  Any party may request that the Court consolidate for any other purpose by following the "Discovery Matters" procedures.

2.    Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **October 20, 2017**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference).  The deadlines contained in the Court's Default Standard for Discovery, Including Discovery of ESI ("ESI Rules") shall be modified as follows:

- ESI Rule 3 Disclosures:  The disclosures required by ESI Rule 3 shall be made by **November 17, 2017**.

- ESI Rule 4.a Disclosure:  By **November 17, 2017**, and for each Defendant Group,[2] the Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

---

[1] Mylan respectfully continues to submit that venue over Mylan in the District of Delaware is improper, and participates in this submission only to the extent necessary to comply with the Court's August 31, 2017 Oral Order requiring the parties to submit a proposed scheduling order (D.I. 14).  Mylan's participation here does not waive and is not intended to waive Mylan's right to renew its motion seeking dismissal for improper venue pursuant to the Court's September 11, 2017 Opinion (D.I. 36).  Plaintiffs disagree with Mylan's position and maintain that venue is proper in this District.

- ESI Rule 4.b Disclosure: By **December 15, 2017**, each Defendant Group shall produce to the Plaintiffs the core technical documents related to the accused product(s).

- ESI Rule 4.c Disclosure: By **February 16, 2018**, Plaintiffs shall produce to each Defendant Group an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

- ESI Rule 4.d. Disclosure: By **April 20, 2018**, each Defendant Group shall produce to the Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

3. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties shall be filed on or before **July 27, 2018**, and all motions to amend or supplement the pleadings, shall be filed on or before **October 19, 2018**.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **October 27, 2017**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(i) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to

---

[2] "Defendant Group" shall be defined to include all parties sued by Plaintiffs in a single cause of action.

disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.     Papers Filed Under Seal.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6.     Courtesy Copies.  Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7.  ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8.  Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.  Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **July 12, 2019**.

b.  Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **November 20, 2018**.

c.  Document Production. Document production shall be substantially complete by **June 15, 2018** for all requests for production served by **April 16, 2018**.

d.  Requests for Admission. Plaintiffs may serve a maximum of 50 requests for admission on each Defendant group. Collectively, Defendants may serve a maximum of 35 common requests for admission (i.e., requests for admission that are served on behalf of all Defendant groups) on Plaintiffs. Each Defendant group may serve up to of 15 additional requests for admission on Plaintiffs. The preceding limits on requests for admission are exclusive of requests for admission solely for the purpose of authenticating documents or establishing that documents are business records.

e.  Requests for Production. Plaintiffs may serve a maximum of 65 common requests for production (i.e., requests for production that are concurrently served on all Defendants groups) on each Defendant group, to which each Defendant group will separately respond. Plaintiffs may serve up to 15 additional Defendant group-specific requests for production on each Defendant group, to which only the served Defendant group will respond. Collectively, Defendants may serve a maximum of 65 common requests for production (i.e.,

requests for production that are served on behalf of all Defendant groups) on Plaintiffs. Each Defendant group may serve up to 15 additional requests for production on Plaintiffs. All requests for production shall be labeled as "Common" or "Defendant" when served.

     f.   <u>Interrogatories.</u>

        i.   Plaintiffs may serve a maximum of 25common interrogatories (i.e., interrogatories that are concurrently served on all Defendants groups), including all discrete subparts, on each Defendant group, to which each Defendant group will separately respond. Plaintiffs may serve up to 10 additional Defendant group-specific interrogatories (including all discrete subparts) on each Defendant group, to which only the served Defendant group will respond. Collectively, Defendants may serve a maximum of 25 common interrogatories (i.e., interrogatories that are served on behalf of all Defendant groups), including all discrete subparts, on Plaintiffs. Each Defendant group may serve up to 10 additional interrogatories (including all discrete subparts) on Plaintiffs. All interrogatories shall be labeled as "Common" or "Defendant" when served.

       ii.   The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories,

if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

g.     Depositions. The parties agree to meet and confer on limits for deposition discovery, including locations for depositions, and submit an Amended Scheduling Order proposing such a limitation no later than **May 4, 2018**.

h.     Disclosure of Expert Testimony.

i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 1, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 29, 2019**. Reply expert reports from the party with the initial burden of proof are due on or before **April 25, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    <u>Expert Discovery.</u>  Expert discovery in this case will be completed on or before **July 2, 2019**.

iii.    <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **July 19, 2019**, unless otherwise ordered by the Court. Oppositions to such motions shall be filed no later than **August 2, 2019**, and replies to such motions shall be filed no later than **August 9, 2019**.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

i.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective

order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above- referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____.

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.    On a date to be set by separate order, generally not less than forty- eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

     iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

     v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend.</u>

a.    Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.    <u>Motions to Strike.</u>

a.    Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.     <u>Tutorial Describing the Technology and Matters in Issue.</u>  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and should not be used for argument.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

12.     <u>Claim Construction Issue Identification.</u>  On **May 4, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **May 18, 2018**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue,

and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. <u>Claim Construction Briefing.</u> The parties shall contemporaneously submit initial briefs on claim construction issues on **June 22, 2018**. The parties' answering/ responsive briefs shall be contemporaneously submitted on **July 27, 2018**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

14. <u>Hearing on Claim Construction.</u> Beginning at __9 : 0 0__ on __Sept. 4, 2018__ [~~on or near Sept. 10, 2018~~], the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. <u>Interim Status Report.</u> On **November 30, 2018**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    Supplementation.  Absent agreement among the parties, and approval of the Court, no later than **October 19, 2018**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

17.    Case Dispositive Motions.  The Court will not hear case dispositive motions.

18.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    Pretrial Conference.  On **September 27, 2019**, the Court will hold a pretrial conference in Court with counsel beginning at    9 : 00    .  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before September 20, 2019.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a.    a request for a specific number of ***hours*** for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

b.    their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

c.    their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d.    their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

20.    Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and maybe opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)

– 21 –

page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise

permitted by the Court.

*[handwritten: at least a five (5) day trial. The precise number of hours, days, and time of trial will be determined at a later date.]*

21.    Trial.  This matter is scheduled for [~~Plaintiffs: an 8-day / Defendants: a 10-day~~] *[handwritten: The bench]* ~~bench~~ trial beginning at 8:30 a.m. on **October ~~28~~, 2019**, with the subsequent trial days beginning *[handwritten: 15]*

at 8:30 a.m.  ~~The trial day will end no later than 5:00 p.m. each day.~~

22.    Post-Trial Briefing.  The parties will address the post-trial briefing schedule and

page limits in the proposed final pretrial order.

23.    Effect of Schedule in Co-Pending Litigation.  A substantively identical action

involving defendant Mylan Pharmaceuticals Inc. is pending in the U.S. District Court for the

Northern District of West Virginia.  *See Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No.

1:17-cv-55-IMK (N.D. W. Va.).  Scheduling discussions in that matter are occurring

contemporaneously with the discussions in these Delaware actions.

- ***Plaintiffs' Position***:  Plaintiffs have argued before the West Virginia court that the

  West Virginia action should be stayed in favor of the Delaware action and, thus, that

  no schedule should be set in the West Virginia case.  If that position is not adopted, it

  is Plaintiffs' position that the case schedule in the West Virginia action should be no

  shorter than the case schedule entered in the Delaware action and that trial in the

  West Virginia action should not occur before trial in the Delaware action.

  Accordingly, in the event that the West Virginia court adopted a shorter schedule than

  the one in these cases or one that results in a trial in the West Virginia action before a

  trial in these cases, Plaintiffs reserve the right to move for an Amended Scheduling

  Order in these cases.

*[handwritten: With respect to paragraph 23, all parties retain the right to move to amend this schedule or to oppose such an amendment]*

- *Mylan's Position:* As set forth in its discussions with the Plaintiffs and its briefing in response to Plaintiffs' motion to stay in the West Virginia action, Mylan is not opposed to staying the West Virginia action pending any decision finding venue to be proper or improper in this District.  However, because Mylan anticipates that the West Virginia Court's schedule will begin to fill up pending a resolution of Mylan's venue challenge, Mylan is seeking conditional dates in West Virginia for a Markman hearing and trial.  Mylan's position is that such dates should precede the corresponding dates in this because, while Mylan intends to coordinate discovery with the other Defendants this action to the extent applicable or necessary, the amount of time needed for discovery of one Defendant in the West Virginia action will be reduced as compared to the amount of time needed for discovery of all Defendants in this proceeding.  Mylan reserves its right to oppose any motion for an Amended Scheduling Order in the event that the West Virginia Court adopts Mylan's position.

- *Remaining Defendants' Position*:  All Defendants, with the exception of Mylan, reserve their rights to oppose any motion to amend the schedule in light of the proceedings involving Mylan in West Virginia.

_____
UNITED STATES DISTRICT JUDGE