

December 6, 2017

**VIA E-FILING**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Bristol-Myers Squibb Co. et al. v. Aurobindo Pharma USA Inc.,*
            <u>C.A. No. 17-374-LPS</u> (consolidated)

Dear Chief Judge Stark:

      The parties in 19 of these 21 consolidated Hatch-Waxman cases have agreed on the terms of a proposed protective order to govern discovery. In the remaining two cases, only one dispute remains: whether and how outside counsel of a defendant may access highly confidential information of other defendants. The agreed-upon protective order is attached as **Exhibit A**,[1] with the disputed terms highlighted on pages 10 and 11.

      The proposed protective order acknowledges that defendants will likely need to produce sensitive information that, if freely disclosed to all other defendants, could cause them competitive harm. To protect that information, which the proposed order calls Competitively Sensitive Confidential Information ("CSCI"), the parties have agreed to a second tier of confidentiality that confers special protections on CSCI. In addition to the restrictions that the proposed order places on less sensitive confidential information—like limited distribution to in-house individuals who have agreed to be bound by the protective order, a patent prosecution and regulatory activities bar for recipients, and a restriction that all confidential information be used "solely for purposes of the prosecution or defense of this Action"[2]—all of the proposals entirely prohibit disclosure of a defendant's CSCI to any other defendant's in-house representatives.

      Defendants Impax and Sun want to take these protections a step further. Impax/Sun seek to prohibit disclosure of a defendant's CSCI to any other defendant's *outside counsel* absent consent or an order from the Court. But there is no reason for such an onerous restriction, let alone good cause for it. Plaintiffs' proposal—which allows a defendant's CSCI to be shared with other defendants' outside counsel if necessary in support of "a submission to the Court, a Court hearing, a discovery response, contentions, an expert report, or an expert deposition"— adequately protects all parties' CSCI without creating undue burdens. The Court should therefore adopt Plaintiffs' proposed terms for the use of CSCI.

## I. Impax/Sun have not shown good cause to deny other defendants' outside counsel access to their CSCI.

      For a court to enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a

---

[1] Exhibit A is an updated version of Impax/Sun's Exhibit 1 that reflect dismissals since the parties submitted their request for a teleconference and that highlights the disputed provision.

[2] Ex. A ¶ 6 (use solely for this action); *id.* ¶ 9 (limited in-house access); *id.* ¶¶ 10-11 (bars).

specified way," there must be "good cause." Fed. R. Civ. P. 26(c)(1); *see also In re Violation of Rule 28(d)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011). "The party seeking protection bears the burden of demonstrating that there is good cause for restricting the disclosure of the information at issue." *Violation of Rule 28(d)*, 635 F.3d at 1357.

To show good cause for a protective order that restricts access to discovery materials, there must be a "showing that disclosure will work a clearly defined and serious injury to the party" opposing disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see also Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987). The primary harm supporting protective orders in cases among competitors is the risk of inadvertent disclosure. "Whether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined . . . by the facts on a counsel-by-counsel basis." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). That "counsel-by-counsel determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client." *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Courts generally hold that outside counsel are not competitive decisionmakers. *See, e.g.*, *U.S. Steel Corp.*, 730 F.2d at 1468. Even this District's default rules implicitly recognize this, allowing disclosure of confidential information to any "members and employees of the firm of trial counsel who have entered an appearance" until a confidentiality agreement or order is in place. D. Del. L.R. 26.2.

Impax/Sun have not carried their burden of showing that disclosure of their CSCI to the outside counsel of other defendants would cause them harm or result in an inadvertent disclosure or use of their CSCI,[3] nor can they. There has been no suggestion that any of the defendants' outside counsel are competitive decisionmakers, so the risk of misuse of Impax/Sun's CSCI is low. And because outside counsel do not work side-by-side with competitive decisionmakers, there is little risk of inadvertent disclosure of Impax/Sun's CSCI to an unauthorized recipient.

Indeed, by choosing to share attorneys, many of the defendants have acknowledged that outside counsel are capable of protecting their CSCI. Impax and Sun are both represented by the same two attorneys at Phillips, Goldman, and those attorneys also represent five other defendants in this case.[4] It simply rings hollow for Impax and Sun to argue that other defendants' outside counsel cannot be trusted with their confidential information while also sharing outside counsel with more than a quarter of those other defendants.

Other courts have declined to enter a protective order like the one that Impax/Sun advocate. In *Trading Technologies, International, Inc. v. BGC Partners, Inc.*, No. 10 C 715, 2011 WL 1547769, at *7 (N.D. Ill. Apr. 22, 2011), for example, the court rejected a defendant's proposals "that all confidential information produced by one defendant be kept from all co-defendants" and that productions to other co-defendants' outside counsel require consent. *Id.*

---

[3] To the extent Impax/Sun have construed Plaintiffs' position as seeking a "blanket rule automatically allowing . . . information to be shared," they misapprehend their burden. D.I. 46 at 2. Sharing is the default rule—Impax/Sun must show good cause to deviate from or place restrictions on that. *Violation of Rule 28(d)*, 635 F.3d at 1357.

[4] These two attorneys also represent Torrent, Unichem, Sigmapharm, and Zydus. Along with the same three attorneys from Haynes & Boone LLP who represent Impax in this dispute, these two attorneys also represented Breckenridge until that case was dismissed six weeks ago.

"Limiting access by defendants to documents designated as confidential by other defendants," the court reasoned, "would impair the[] efficiencies [gained from consolidation] and [be] unnecessary in light of the [other] safeguards the protective order will contain." *Id.* To the extent a select few documents might raise more specific disclosure risks, the court held that the defendants were free to "file a motion that explains why there is good cause to limit access to certain specific documents." *Id.* That is equally true here.

Impax/Sun rely heavily on *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, C.A. No. 16-905-JFB-CJB (D.I. 65) (D. Del. July 20, 2017), another ANDA case in which the court found good cause to restrict sharing of defendants' confidential information with other defendants. But *Astellas* differs from this case in a key respect. There, the parties proposed only a single-tier protective order that allowed "four in-house legal personnel" from each defendant to access any information that had been designated as confidential. This meant that ***in-house counsel*** of each defendant would have had access to every other defendant's confidential information. *See* Ex. B. ¶ 11. That is not the case here. Under Plaintiffs' proposal, in-house counsel of other defendants would never be permitted to access another defendant's CSCI, avoiding the inadvertent use and disclosure concerns that might accompany in-house access and that were present in *Astellas*.[5]

## II.  Impax/Sun's proposal is unduly burdensome.

Even if the Court finds that disclosure of defendants' CSCI creates a risk of inadvertent disclosure or misuse—which it should not—it "must balance this risk against the potential harm to the opposing party from [any] restrictions." *Deutsche Bank*, 605 F.3d at 1380; *see also Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986). Here, the burden weighs heavily against Impax/Sun. Their proposal, if adopted, would require Plaintiffs to prepare 21 different versions of common discovery responses, contentions, and expert reports, as well as multiple versions of claim construction briefs and other filings with the Court. It would require multiple depositions of Plaintiffs' experts—or at least a carousel-like deposition with each defendant's counsel rotating in to ask about its version of the expert's report, along with inevitably redundant topics—and would likely engender requests for similar arrangements at hearings. Any marginal reduction in the risk of inadvertent disclosure that Impax/Sun's proposal might create fails to outweigh this burden, which would disproportionately fall on Plaintiffs, their experts, and the Court.

\*   \*   \*

For the reasons set forth above, the Court should adopt Plaintiffs' proposal for use of CSCI and enter the protective order attached as Exhibit A with Plaintiffs proposal at paragraph 7.

---

[5] Impax/Sun's other cited authority likewise misses the mark. In *Shared Memory Graphics, LLC v. Apple Inc.*, No. C-10-2475, 2010 WL 4704420, at \*2 (N.D. Cal. 2010), the court allowed "disclosure to co-Defendants' outside counsel and experts" as long as the disclosure was "reasonably necessary" for the litigation, which mirrors Plaintiffs' proposal. Likewise, *Prism Technologies, LLC v. AT&T Mobility, LLC*, No. 8:12-cv-122, 2013 WL 100390, at \*2-3 (D. Neb. Jan. 8, 2013), is inapposite because it involved restrictions on a plaintiff sharing highly confidential information among defendants in separate cases that, unlike this case, had not been consolidated for discovery and were separately tried over a period of several years.

                              Respectfully submitted,

                              /s/ Michael J. Farnan

                              Michael J. Farnan

cc:  All Counsel of Record (Via Electronic Mail)