

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA HAND DELIVERY AND CM/ECF**

December 29, 2017  **FILED UNDER SEAL**

The Honorable Leonard P. Stark
United States District Court
844 North King Street, Unit 26
Wilmington, DE 19801

Re: *Bristol-Myers Squibb Company et al. v. Mylan Pharmaceuticals Inc.*,
C.A. No. 17-379-LPS

Dear Chief Judge Stark:

On behalf of Mylan Pharmaceuticals Inc. ("MPI"), we submit this letter regarding the scope of a protective order governing discovery related to Mylan's motion to dismiss for improper venue.

Discovery regarding MPI's motion to dismiss is on-going. On December 15, MPI filed a supplemental declaration establishing that (1) MPI is a long-standing West Virginia company; and (2) no entity in the broader Mylan corporate family has any physical location or presence, much less a regular and established place of business, in the State of Delaware. ECF No. 61. Plaintiffs then served interrogatories, requests for production and deposition notices on December 22. The Court previously ordered the parties to meet and confer and file a protective order to govern this venue-related discovery. The parties reached agreement on all but one issue: whether and how Plaintiffs' in-house counsel may access MPI's highly-confidential business information.

MPI contends that Plaintiffs' in-house counsel has no need for, and should not have, unfettered access to commercially sensitive aspects of MPI's business. *See*, *e.g.*, *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468-69 (Fed. Cir. 1984) ("where in-house counsel are involved in competitive decisionmaking, it may well be that a party seeking access should be forced to retain outside counsel or be denied the access recognized as needed."). While the proper scope of venue-related discovery is and should be quite limited, the discovery sought by Plaintiffs is not so limited. Plaintiffs seek broad discovery concerning many commercially sensitive aspects of MPI's business.[1]

Despite Plaintiffs' failure to adequately explain why any of their in-house counsel is entitled to unfettered access to MPI's highly-confidential business information, to try to reach agreement, MPI proposed language that would allow one in-house counsel for each of BMS and Pfizer, subject to appropriate decision-making limitations established under Federal Circuit and District of Delaware case law, limited access to such information. A copy of the latest version of the protective order provided to Plaintiffs by MPI is attached as <u>Exhibit A</u>. MPI's proposal is set forth below:

---

[1] The Court's order allowing for supplemental venue related discovery contemplates objections to discovery served on MPI by January 12, 2018. ECF No. 57 at ¶1.C.i. MPI does not waive any objection to the scope of discovery sought by Plaintiffs.

> If a Party seeks to disclose Venue Discovery Confidential Information to any Venue In-House Representative under Paragraph 2.c of this Order, the disclosure required by Paragraph 13.b of the Main Protective Order will include, in addition to the information required by Paragraph 13.b of the Main Protective Order (1) the title of the Venue In-House Representative and (2) a description of the job responsibilities of the Venue In-House Representative, including descriptive information that allows the Producing Party to determine the extent to which the in-house counsel directly advises others who are competitive decision makers. No Venue In-House Representative may have access to Venue Discovery Confidential Information under Paragraph 2.b of this order if such Venue In-House Representative is, directly or indirectly, involved in "competitive decision making" for the Receiving Party as that term is defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and its progeny, including, e.g., *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, No. 16-cv-403, 2017 WL 4138961, at *2 n.5 (D. Del. Sept. 8, 2017).

In *PhishMe*, Magistrate Judge Burke recognized that the party seeking a modification to a protective order regarding an attorney's access to otherwise protected information carries the burden of demonstrating "good cause" for the modification. *PhishMe* at *2. For there to be "good cause", "a court must first consider whether the modification would bring with it an 'unacceptable risk of inadvertent disclosure' or competitive misuse of confidential information…[and] then 'balance' that risk against the potential harm to the moving party, were the modification not to be adopted, and were it to thus face restrictions on its right to have the benefit of counsel of its choice." *Id.*

The discovery Plaintiffs seek is directed to how MPI and other affiliates of MPI arrange and conduct their respective individual businesses. Plaintiffs seek, for example, a Rule 30(b) witness to testify as to the ▮▮▮▮▮▮▮▮▮▮ (Topic No. 2) and ▮▮▮▮▮▮▮▮▮▮ (Topic No. 7). <u>Exhibit B</u>. This is, under any definition, non-public, highly-confidential, and commercially sensitive information. While MPI believes these exemplary topics go well beyond the issue of whether MPI, the only named defendant here, has a regular and established place of business in Delaware—particularly where MPI has already submitted a supplemental declaration demonstrating no Mylan-related entity has any physical location in the State of Delaware—the protections in the protective order need to take into account the entire scope of discovery sought, regardless of later objections to that discovery. In-house counsel's knowledge of, for example, ▮▮▮▮▮▮▮▮▮▮  if ultimately provided as part of venue discovery, is just the type of information that can be difficult for in-house counsel to compartmentalize and could easily be inadvertently misused by decision makers contemplating strategy for Plaintiffs' current or future competitive products. This is an unnecessary risk to both Plaintiffs and MPI in the absence of the reasonable restrictions like those proposed by MPI.

But even with that risk of inadvertent misuse, MPI has endeavored to strike the balance recognized in *PhishMe* by preventing disclosure to in-house counsel with competitive decision making authority. Mylan's proposal is consistent with the Federal Circuit's decision in *U.S.*

*Steel*, 730 F.2d at 1468-69. In *U.S. Steel*, the Federal Circuit found that it is entirely appropriate and reasonable to prevent in-house counsel access to confidential information when that counsel is a competitive decision maker. *See also Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 15-cv-53 (RGA), 2016 WL 2904592, at *6 (D. Del. May 18, 2016) ("When attorneys serve the dual role of competitive decisionmaker and litigation counsel, however, … courts must consider both of those roles and cannot simply ignore the competitive decisionmaker aspect. For this reason, I cannot approve Blackbird's request for carte blanche access to Defendants' confidential information without affording stronger protections for Defendants."); *Affymetrix, Inc. v. Illumina, Inc.*, No. 04-cv-901 (JJF), 2005 WL 1801683, at *2 (D. Del. July 28, 2005) ("In determining whether in-house counsel should be permitted to access confidential information under a protective order, the court should consider whether the attorneys are involved in competitive decision making of the company and should examine the risks and safeguards surrounding inadvertent disclosure of the protected information.").

MPI's proposal appropriately includes language that would prevent in-house counsel with competitive decision-making responsibilities access to MPI's highly-confidential business information. To date, Plaintiffs have offered no potential prejudice they would allegedly suffer if the venue-related protective order excluded competitive decision makers from accessing MPI's and its affiliates' highly-confidential information. Indeed, with respect to MPI's venue motion, the protective order authorizes Plaintiffs' external counsel to "give advice and opinions to his or her client solely relating to [this case] based on his or her evaluation of Confidential Information, provided that such advice and opinions shall not directly or indirectly reveal the content of such Confidential Information …." ECF No. 48 at ¶6 (protective order entered in lead case, Civil Action No. 17-374).

Plaintiffs disagree that limitations with respect to competitive decision makers is necessary in the venue-related protective order. Instead, Plaintiffs propose that they only need to disclose those to have access under the venue-related protective order by job title and a representation that they "are responsible for the day-to-day supervision of this case." But this proposal does not address MPI's concerns. Indeed, Plaintiffs' unwillingness to agree that its disclosed in-house counsel are not competitive decision makers itself raises concern as to the role and responsibilities of these counsel. Plaintiffs' proposal additionally prejudices MPI because it does not allow MPI to determine the scope of either individual's role and responsibilities at their respective employers, thereby unfairly shifting the burden to MPI to determine the role and responsibilities of Plaintiffs' in-house counsel—a difficult (if not impossible) task, given that MPI does not have access to information about Plaintiffs' in-house counsel's roles and responsibilities.

MPI's proposed venue-related protective order strikes the appropriate balance by safeguarding discovery that could possibly extend into MPI's and its affiliates' most sensitive commercial information without prejudicing Plaintiffs. MPI's proposal fairly balances Plaintiffs' claimed need to have access to MPI's venue-related discovery—which Plaintiffs have yet to adequately explain—with MPI's clear need to protect its most sensitive and highly-confidential business information from its competitors' decision makers.

*\*\*\**

Accordingly, for the reasons set forth above, MPI respectfully submits that the Court should adopt MPI's proposed venue-related protective order as attached hereto at <u>Exhibit A</u>.

                                                  Respectfully submitted,

                                                  Stamatios Stamoulis
                                                  of Stamoulis & Weinblatt LLC

cc:      All Counsel of Record (via CM/ECF)

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC., <br><br>  Plaintiffs and Counterclaim-Defendants, <br><br>  v. <br><br> AUROBINDO PHARMA USA INC., <br><br>  Defendant and Counterclaim-Plaintiff. | C.A. No. 17-374-LPS <br> (CONSOLIDATED) |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br>  Defendant. | C.A. No. 17-379-LPS |

## [PROPOSED] VENUE-RELATED DISCOVERY PROTECTIVE ORDER

Plaintiffs Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. ("Pfizer") (collectively, "Plaintiffs") and Defendant Mylan Pharmaceuticals Inc. ("MPI") (Plaintiffs and MPI collectively, "Parties[1]"), having stipulated to the entry of this Protective Order under Federal Rule of Civil Procedure 26(c) for the sole purpose of completing venue-related discovery ("Venue-Related Discovery Protective Order") [2], and it appearing that such an order is necessary, appropriate, and will facilitate the orderly completion of venue-related discovery, it is ORDERED as follows:

---

[1] The Parties recognize that the litigation between the Parties has been consolidated with twenty (20) related litigations involving defendants unrelated to MPI under Civil Action No. C.A. No. 17-374-LPS (D. Del.) (the "Consolidated Action"). For avoidance of doubt, no other party to the Consolidated Action other than Plaintiffs and MPI are Parties to this Venue-Related Discovery Protective Order.

[2] The Parties agree that because this case has been consolidated in the Consolidated Action, a Protective order to facilitate the discovery on the merits of the Consolidated Action ("Consolidated Action Protective Order") will be entered pursuant to the Scheduling Order set forth in the Consolidated Action.

This Order shall govern all discovery with respect to MPI's venue challenge. The terms of the proposed protective order filed as ECF No. 46-1 in Civil Action No. 1:17-cv-003374 (hereinafter referred to as the "Main Protective Order") apply with the term **"Confidential Information"** in the respective paragraphs of the Main Protective Order replaced with the term "**Venue Discovery Confidential Information"** in this Venue-Related Discovery Protective Order with the following exceptions:

1.  The term "Party" shall refer to each of BMS, Pfizer and MPI.

2.  Except with the prior written consent of the Producing Party, which shall not be unreasonably withheld, **Venue Discovery Confidential Information**, the contents of **Venue Discovery Confidential Information**, and any summary, description, report, writing, or thing containing or revealing such material, may be disclosed only to the following individuals under the following conditions to:

    a.  Outside counsel of record for the respective Parties (herein defined as any attorney at the Parties' outside law firms) and its secretarial, paralegal, clerical, duplicating, and data processing personnel;

    b.  One (1) employee of each Party, or any parent or subsidiary entities of each Party, who is either licensed to practice law in any jurisdiction or who is actively working on or responsible for this case and is required to participate in decisions with reference to this action (hereinafter a "Venue In-House Representative"), provided that before the disclosure of any **Venue Discovery Confidential Information** such Venue In-House Representative has signed the undertaking attached as Exhibit A to the Main Protective Order and been approved by the Producing Party according to Paragraph **Error!**

**Reference source not found.** of the Main Protective Order and such Venue In-House Representative satisfies the requirements of Paragraph 3 of this Order;

  c. The Court and court personnel, in the conduct of their official duties, and the trier of fact; and

  d. Vendors retained by or for the Parties to assist in preparing for venue-related discovery, and/or hearings, including, but not limited to, court reporters, litigation support services (e.g., photocopying, videotaping, scanning, imaging, translating, or organizing, storing, managing, or retrieving data in any form or medium), individuals to prepare demonstrative and audiovisual aids, demonstratives, or other exhibits for use in this Action, including staff, stenographic, and clerical employees of any of the foregoing whose duties and responsibilities require access to such materials; provided, however, that the vendor has an obligation of confidentiality to the Receiving Party.

 3. If a Party seeks to disclose **Venue Discovery Confidential Information** to any Venue In-House Representative under Paragraph 2.c of this Order, the disclosure required by Paragraph 13.b of the Main Protective Order will include, in addition to the information required by Paragraph 13.b of the Main Protective Order (1) the title of the Venue In-House Representative and (2) a description of the job responsibilities of the Venue In-House Representative, including descriptive information that allows the Producing Party to determine the extent to which the in-house counsel directly advises others who are competitive decision makers. No Venue In-House Representative may have access to **Venue Discovery Confidential Information** under Paragraph 2.b of this order if such Venue In-House Representative is, directly or indirectly, involved in "competitive decisionmaking" for the Receiving Party as that term is defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and its progeny, including, e.g.,

*PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, No. 16-cv-403, 2017 WL 4138961, at *2 n.5 (D. Del. Sept. 8, 2017).

4. The Parties do not currently contemplate the need for expert or consultant access to **Venue Discovery Confidential Information**. However, if Plaintiffs believe such access becomes necessary, the Parties agree to meet and confer in good faith to determine the need for and terms and conditions of such access, if any. To the extent that the parties cannot reach agreement, the Party seeking expert or consultant access to **Venue Discovery Confidential Information** may seek an Order from the Court allowing such access via the Discovery Matters procedure.

5. All **Venue Discovery Confidential Information** received from a Producing Party shall be disclosed, disseminated, and used by the Parties solely for purposes of the prosecution or defense of MPI's venue challenge in this Action and shall not be used for purposes of the prosecution or defense of the merits of this Action. In addition, any **Venue Discovery Confidential Information** received from a Producing Party shall not be used by the Receiving Party for any other business, commercial, competitive, personal, regulatory (including Citizens Petitions or lawsuits against FDA), or other purpose; and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 2 of this Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Producing Party or by order of the Court. All persons receiving **Venue Discovery Confidential Information** are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office, the FDA, the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction. It is, however, understood that counsel or representatives for a Party may give advice and opinions to his or her client solely relating to MPI's venue challenge in this Action based on his or her

evaluation of **Venue Discovery Confidential Information**, provided that such advice and opinions shall not directly or indirectly reveal the content of such **Venue Discovery Confidential Information** except as authorized by paragraph 2(b) above, by prior written agreement of counsel for the Producing Party, or by order of the Court.

6. This Venue-Related Discovery Protective Order shall not prevent counsel from examining a witness testifying under oath about the **Venue Discovery Confidential Information,** nor shall it prevent the use of **Venue Discovery Confidential Information"** to examine or cross-examine at deposition or other hearing pertaining to MPI's venue challenge.

7. Only individuals authorized under Paragraph 2 of this Order to access **Venue Discovery Confidential Information** and the deponent shall be allowed to attend any portion of a deposition in which such information is used or elicited from the deponent.

8. **Termination of MPI's Venue Challenge.**

   a. Upon final resolution of MPI's venue challenge (including any appeals), each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source, or certify destruction of, all originals and copies of documents and things containing **Venue Discovery Confidential Information**; provided, however, that outside counsel of record (as identified in Paragraph 2.a of this Order) shall be entitled to retain its correspondence file for the case; a copy of all court papers; discovery responses and requests (excluding produced documents and things); deposition and hearing transcripts; exhibits used in affidavits, at depositions, and at hearings; and attorney work product.

b. Outside counsel of record shall certify their compliance with the provisions of this Paragraph 8 within ninety (90) calendar days of the final resolution of MPI's venue challenge (including any appeals).

c. Within ninety (90) calendar days after the final resolution of MPI's venue challenge (including any appeals), any Confidential Information that was filed under seal with the Clerk of the Court shall be returned to the attorney of record for the filing party.

d. This Venue-Related Discovery Protective Order shall survive the conclusion of this Action (including any appeals) and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the Parties filed with the Court.

Respectfully Submitted,

| FARNAN, LLP | STAMOULIS & WEINBLATT LLC |
|---|---|
| /s/_____ | /s/_____ |
| Joseph J. Farnan, Jr. (Bar No. 100245) | Stamatios Stamoulis |
| Brian E. Farnan (Bar No. 4089) | Richard C. Weinblatt |
| Michael J. Farnan (Bar No. 5165) | Two Fox Point Centre |
| 919 N. Market Street, 12th Floor | 6 Denny Road, Suite 307 |
| Wilmington, DE 19801 | Wilmington, DE 19809 |
| Tel: (302) 777-0300 | Tel: (302) 999-1540 |
| Fax: (302) 777-0301 | stamoulis@swdelaw.com |
| farnan@farnanlaw.com | weinblatt@swdelaw.com |
| bfarnan@farnanlaw.com | |
| mfarnan@farnanlaw.com | *Counsel for Defendant Mylan Pharmaceuticals Inc.* |
| *Counsel for Plaintiffs Bristol-Myers Squibb Company and Pfizer Inc.* | |

**SO ORDERED**

This ___ day of _____, 2017

_____
Hon. Leonard P. Stark
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> AUROBINDO PHARMA USA INC., <br><br> Defendant and Counterclaim-Plaintiff. | C.A. No. 17-374-LPS (CONSOLIDATED) <br><br> **FILED UNDER SEAL** |
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant and Counterclaim-Plaintiff. | C.A. No. 17-379-LPS |

**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) TO DEFENDANT MYLAN PHARMACEUTICALS INC. <u>REGARDING VENUE-RELATED DISCOVERY</u>**

TO: Mylan Pharmaceuticals Inc., 781 Chestnut Ridge Road, Morgantown, WV 26505

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs Bristol-Myers Squibb Company and Pfizer Inc. (collectively, "Plaintiffs") will take the deposition(s) upon oral examination of Defendant Mylan Pharmaceuticals Inc. ("MPI"), through one or more officers, directors, managing agents, or persons who consent to testify on their behalf with respect to the matters listed on Schedule A attached hereto. The deposition will take place on March 7, 2018, beginning at 9:00 a.m., at the offices of Wilmer Cutler Pickering Hale and Dorr

LLP, 1875 Pennsylvania Avenue, NW, Washington, DC 20006, or at such other location and time mutually agreeable to counsel, before a court reporter, notary public, or other person duly authorized by law to administer oaths and will continue from day-to-day until completed.

Plaintiffs request that MPI identify in writing at least one week in advance of the deposition the name(s) of the person(s) who will testify on their behalf and the subjects on which each person will testify.

The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

You are invited to attend and cross-examine.

| | |
|---|---|
| Dated:  December 22, 2017 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Michael J. Farnan<br>Joseph J. Farnan, Jr. (Bar No. 100245)<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Str., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>farnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Amy K. Wigmore (admitted *pro hac vice*)<br>Gregory H. Lantier (admitted *pro hac vice*)<br>Tracey C. Allen (admitted *pro hac vice*)<br>Heather M. Petruzzi (admitted *pro hac vice*)<br>Jeffrey T. Hantson (admitted *pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Ave, NW<br>Washington, DC 20006<br>202-663-6000<br>202-663-6363 |

Andrew J. Danford (admitted *pro hac vice*)
Timothy A. Cook (admitted *pro hac vice*)
Kevin M. Yurkerwich (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6000
617-526-5000

*Counsel for Plaintiffs Bristol-Myers Squibb Company and Pfizer Inc.*

## SCHEDULE A

### Definitions & Instruction

A. Plaintiffs incorporate by reference herein the definitions set forth in Plaintiffs' Venue-Related Interrogatories to Defendant Mylan Pharmaceuticals Inc.

B. All other terms shall have their ordinary meanings.

### Topics of Examination

1. Any Delaware property that any MPI Affiliate (whether or not incorporated in Delaware) controls or has an interest in, including short- or long-term leases or room/office reservations.

2. For any Delaware property that any MPI Affiliate controls or has an interest in, the accounting treatment for such property, including any allocation of costs for such property.

3. ███████████████████████████████████████████████████████████████████████████████████████████████

4. Any revenue or cost allocated to MPI for any sales or costs incurred in Delaware by any MPI Affiliate.

5. Payments made by MPI or any MPI Affiliate to any Delaware government entity or agency from April 1, 2014, to March 31, 2017, including, but not limited to, any license fees, and the reason(s) for each such payment.

6. Employees or agents of MPI or any MPI Affiliate who have worked in any capacity, including, but not limited to, permanently, part-time, or on secondment, at any physical location in Delaware, including, but not limited to, visitor office space, law firms, hospitals, or universities, and the nature, location, and duration of the work.

7. ███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

████████████

8. ███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

9. Advertisements or marketing statements about the presence of MPI or any MPI Affiliate or sales of MPI products in Delaware including, but not limited to, MPI's claim that "[i]n 2016, Mylan generics saved Delaware $74 million" as identified in Exhibit 1 of Plaintiffs' opposition letter brief (D.I. 48 in C.A. No. 17-379).