# FARNAN LLP

February 16, 2018

<u>Via E-Filing</u>
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

      Re:    **Bristol-Myers Squibb Company, et al. v. Aurobindo Pharma USA Inc., et al., C.A. No. 17-cv-374-LPS (consolidated)**

Dear Chief Judge Stark:

The parties in *Bristol-Myers Squibb Co. v. Mylan Pharmaceuticals Inc.*, C.A. No. 17-379-LPS, which is one of the cases in the above-referenced consolidated action, write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in verbal meet-and-confers (by telephone) on the following date(s): January 18, 2018; January 23, 2018; January 29, 2018; and February 14, 2018.

<u>Delaware Counsel</u>: Michael J. Farnan (counsel for Bristol-Myers Squibb Co. and Pfizer Inc. ("Plaintiffs")); Stamatios Stamoulis and Richard Weinblatt (counsel for Mylan Pharmaceuticals Inc. ("MPI"))

<u>Lead Counsel</u>: Gregory H. Lantier, Tracey C. Allen, and Timothy A. Cook (counsel for Plaintiffs); Robert L. Florence, Karen L. Carroll, Michael L. Binns, Shannon M. Bloodworth, and Brandon M. White (counsel for MPI)

The disputes requiring judicial attention are listed below:

- Pursuant to Paragraph 1(C)(i) of the Court's memorandum order concerning venue-related discovery (D.I. 41), MPI has served responses and objections to Plaintiffs' venue-related discovery requests and the parties have met-and-conferred in an attempt to resolve them. The parties have been unable to reach agreement on:

**Plaintiffs' Issues:**

- the adequacy of MPI's objections, including whether they comply with MPI's obligations under Rules 26, 33, and 34 of the Federal Rules;

- MPI's refusal to produce documents sufficient to identify all tax payments made by an MPI Affiliate, including MPI, to any Delaware government entity or agency from Jan. 1, 2016, to Mar. 31, 2017, including but not limited to payments for payroll taxes, use taxes, gross receipts taxes, city and local taxes, annual business association taxes, and property taxes; and

- MPI's refusal to produce documents necessary to show how MPI's products are sold in Delaware, including documents sufficient to show whether MPI exercises attributes of possession or control over distribution facilities in Delaware and financial documents and intercompany agreements sufficient to show whether other Mylan entities are acting on MPI's behalf to sell or distribute products, directly or indirectly, in Delaware.

### MPI's Issues:

- Plaintiffs' new and improper attempt to seek venue discovery directed to the "residence" prong of 28 U.S.C. §1400(b), despite Plaintiffs' concession to the Court that "Plaintiffs agree, in view of *TC Heartland*, that Mylan does not 'reside' in Delaware for the purposes of the patent venue statute." D.I. 21 at 8 n.7.

- Plaintiffs' refusal to narrow their overly broad discovery requests, especially in light of the extensive discovery provided by MPI to date establishing that neither MPI nor any MPI Affiliate owns, leases or controls any real property in Delaware. Plaintiffs' discovery requests are overly broad and disproportionate, especially in light of Plaintiffs' refusal to articulate how any purported alter ego of MPI committed an act of fraud or injustice, which is a necessary prerequisite to piercing the corporate veil.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)