# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. 17-374-LPS (Cons.) |
| | ) |
| AUROBINDO PHARMA USA INC., et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MAY 11, 2018 LETTER TO THE HONORABLE LEONARD P. STARK
REGARDING LIMITATIONS ON DEPOSITION DISCOVERY**

Dated: May 11, 2018

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806-4204
Tel. (302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

Dear Chief Judge Stark,

We write on behalf of all defendants in opposition to plaintiffs' opening letter brief, (D.I. 157), ("plaintiffs' opening") concerning the parties' proposals governing deposition discovery.

Plaintiffs ask this Court to amend the Scheduling Order, (D.I. 19), to abrogate protections afforded by the Federal of Civil Procedure and Local Rules of this District, binding authority in this District, and this Court's model scheduling order based solely on *their choice* to assert two Orange Book patents against originally twenty-five, now eleven, generic drug manufacturers. However, as even the exhibits to plaintiffs' opening demonstrate, no justification exists to deviate from this Court's customs and practice in Hatch-Waxman litigation. Plaintiffs may be unhappy about having to deal with each defendant individually, but it is they who chose to sue a multitude of defendants, and they are no more burdened than plaintiffs in many other cases where the Court has entered scheduling orders with provisions similar to those defendants have proposed here. *See* D.I. 157, Ex. 2 at ¶ 7(i); Ex. 3 at ¶ 8(i); Ex. 4 at ¶ 8(g); *see also* Ex. B at ¶ 4(e); Ex. C at ¶ 3(e) (presenting similar provisions on deposition limits and locations).

A one-size-fits-all approach simply will not work here. Differences between the various defendants require the deposition process be flexible to avoid undue burden and prejudice. Not only are the defendants located in different places all over the globe, but contrary to plaintiffs' assertions, (D.I. 157 at 1), the defendants are not similarly situated with respect to their claims and defenses, in particular with respect to theories of noninfringement based on their individual ANDA products. In addition, plaintiffs' proposal ignores one defendant's ongoing challenge to venue in this District.

Defendants' proposal, (D.I. 158 at Ex. A), provides the parties the latitude needed to effectuate deposition discovery in a fair and reasonable manner as contemplated by this Court in its customs, practices and form scheduling orders, as well as in the Federal Rules of Civil Procedure and the Local Rules of this District.

**Deposition Limits**

Plaintiffs' opening argues that Hatch-Waxman scheduling orders entered by this Court provide support for their overly restrictive limits on the total number of deposition hours of plaintiffs' witnesses and the length of individual inventor depositions. (*See* D.I. 157 at 2.) Plaintiffs' cited cases, however, support defendants' proposal, not plaintiffs'. As illustrated below, Exhibits 2-4 to plaintiffs' opening letter and defendants' attached exhibits B and C demonstrate that defendants proposed deposition limits are appropriate.[1]

---

[1] *Pfizer Inc. v. Micro Labs USA Inc.*, No. 17-148-LPS, D.I. 18 (D.I. 157, Ex. 2) at ¶ 7(i); *Onyx Therapeutics, Inc. v. Cipla, Ltd.*, No. 16-988-LPS, D.I. 21 (D.I. 157, Ex. 3) at ¶ 8(i); *Biogen Intl's GmbH v. Amneal Pharms, LLC*, No. 17-823-LPS, No. 17-823, D.I. 22 (D.I. 157, Ex. 4) at ¶ 8(g); *UCB, Inc. v. Accord Healthcare, Inc.*, No. 13-1206-LPS, D.I. 22 (Ex. B) at ¶ 4(e); *Forest Labs., Inc. v. Teva Pharms. USA, Inc.*, No. 14-121-LPS, D.I. 54 (Ex. C) at ¶ 3(e).

The Honorable Leonard P. Stark
May 11, 2018                                                                                                       Page 2

| Case Caption | Number of Defendants | Number of Inventors for Asserted Patents | Total Number of Deposition Hours of Plaintiffs' Witnesses | Hour Limit on Inventor Depositions |
|---|---|---|---|---|
| *Pfizer Inc. v. Micro Labs USA Inc.* | 5 | 4 | 100 | N/A |
| *Onyx Therapeutics, Inc. v. Cipla, Ltd.* | 9 | 6 | 115 | N/A |
| *Biogen Int'l GmbH v. Amneal Pharms. LLC*[2] | 25 | 4 | 100 | 10 |
| *UCB, Inc. v. Accord Healthcare, Inc.* | 14 | 1 | 70 | 14 |
| *Forest Labs., Inc. v. Teva Pharms. USA, Inc.* | 11 | 9 | 180 | 14 |
| **Defendants' proposal** | **11** | **10** | **200** | **10** |

Moreover, these previously-entered scheduling orders provide no support for plaintiffs' additional proposed caps on depositions, (*see* D.I. 157 at 2), and instead, establish that a simple limit on deposition hours provides sufficient protection for the parties against undue burdens.

Plaintiffs' opening is misleading as the total number of potential witnesses. (*See* D.I. 157 at 2.) Plaintiffs' Rule 26 disclosures identified only seven of the ten named inventors and two other persons as potential witnesses. Plaintiffs have not identified any witnesses from Pfizer, and just recently indicated that the lone person identified for sales and marketing did not yet hold that position when Eliquis® launched. The fact that Defendants are likely to need additional and follow-up depositions further counsels in favor of the flexibility of Defendants proposal.

Plaintiffs' opening also misrepresents the total number of hours defendants have requested. (*See* D.I. 157 at 1.) Under defendants' proposal, plaintiffs have more hours than defendants to conduct depositions. Further, over one hundred of the defendants' hours are optional, to the extent any defendant needs to pursue unique lines of questioning. A limit of two hundred collective hours allows all defendants to depose currently identified deponents—12 listed inventors and 4 corporate witnesses—and have time available to depose persons not yet identified (e.g., Pfizer witnesses). In contrast to other cases identified by plaintiffs, defendants'

---

[2] *Biogen* in particular shows the different needs of different cases. It shows how defendants structure discovery and disclosures differently as proportionate to the needs of different cases. Plaintiffs argue that *Biogen* concerns five Orange Book patents, but as this Court is aware at least three of those patents will expire before trial and before the regulatory stay ends. Notably, patents do not sit for depositions, rather inventors do and that case has only four named inventors, in contrast to the **ten** named, and **two** previously named inventors here.

The Honorable Leonard P. Stark
May 11, 2018                                                                                                              Page 3

hour limit is inclusive of all witnesses.  Defendants' proposal streamlines the discovery process and gives predictability to all parties involved in this litigation.

**Deposition Locations**

Plaintiffs' opening concedes that they want the Court to deviate from the Federal and Local Rules, as well as its customs and practices, because they do not want to travel.  (*See* D.I. 157 at 3.)  Plaintiffs strain credibility when they suggest that the burden many defendants' foreign employees would suffer to obtain travel visas, voluntarily travel thousands of miles, and be away from their job responsibilities for a week or more to sit for a seven-hour deposition would be "minimal" when compared to the burden plaintiffs' counsel would incur to travel to those witnesses.  (*See id.*)  Indeed, the inconvenience of one or two attorneys to travel to a location where most, if not all, of a defendant's noticed witnesses can be deposed within a short time period seems insignificant when weighed against the fairness and efficiency of deposing witnesses near their own homes.[3]

As shown in this Court's past scheduling orders, defendants' proposal requiring the parties to meet-and-confer and reach mutual agreement on an appropriate location considering the witness's convenience reflects the approach consistently taken in these cases.  *See, e.g.,* D.I. 157, Ex. 3 at ¶ 8(i)(ii) ("The parties shall meet and confer regarding the locations of depositions, taking account convenience for the deponent.").

**Expert Depositions and Other Default Rules**

None of this Court's prior scheduling orders cited by plaintiffs or defendants include specific provisions concerning expert depositions, deposition notice, appropriate objections, or exhibit numbering, let alone those proposed by plaintiffs.  Plaintiffs can point to no legal authority demonstrating why this particular case, which includes a similar number, if not fewer, defendants than many other Hatch-Waxman actions that have been filed in this District, requires entry of such rigid and onerous procedures for matters that are typically courtesy.

The parties are all familiar with the rules governing practice in this District, including the Federal Rules of Civil Procedure and the Local Rules of this District.  The fact that this case now involves thirteen parties does not require that these rules be abrogated, in particular when, for example, restricting a party's ability to object to deposition examination could prejudice its ability to preserve claims or defenses.  All parties here are sophisticated entities familiar with Hatch-Waxman litigation.  Plaintiffs' proposal to set default rules unnecessarily over-legislates and muddles the process.

*  *  *  *  *

For these reasons, as well as those set forth in defendants' opening letter brief, (D.I. 158), defendants respectfully request the Court enter their proposal for amending paragraph 8(g) of the Scheduling Order, (D.I. 19).

---

[3] In addition, Defendant Mylan Pharmaceuticals Inc. further objects to being required to bring its witnesses to forum in which it disputes venue is proper.

The Honorable Leonard P. Stark
May 11, 2018 Page 4

                                      Respectfully submitted,

                                      */s/ John C. Phillips, Jr.*

                                      John C. Phillips, Jr. (No. 110)

cc:    All counsel of record (via CM/ECF & email)