**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | |
| v. | ) ) ) | C.A. 17-cv-374-LPS<br><br>(Consolidated) |
| AUROBINDO PHARMA USA INC., et al., | ) ) ) | **FILED UNDER SEAL** |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

### PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the Scheduling Order in this consolidated action (D.I. 19), and the Court's Discovery Deposition Order (D.I. 163), Plaintiffs Bristol-Myers Squibb Co. and Pfizer Inc. (collectively, "Plaintiffs"), by and through their attorneys, will take the deposition by oral examination of Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), through one or more officers, directors, managing agents, or persons who consent to testify on behalf of DRL as to all information known or reasonably available to DRL on the topics listed on Schedule A attached hereto.

The deposition will occur on a date to be determined according to the Court's Discovery Deposition Order (D.I. 163), which provides that, no later than 30 days after service of this notice, DRL

> shall serve (i) any objections to the noticed topics (including topics for which the noticed party will not produce a witness) and (ii) a

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

> notice identifying the designated witness(es) and, if more than one witness is being designated to testify with respect to the noticed topics, the particular topics with respect to which each witness is being designated.  The parties shall meet and confer to determine the exact dates and locations of the 30(b)(6) depositions within one week of the service of the identification of witnesses and, absent good cause, each such witness shall be offered for deposition within one month of the parties' meet-and-confer.

D.I. 163 at 3.  Consistent with the Discovery Deposition Order, *id.* at 2-3, the deposition shall begin at 9:00 a.m., at the offices of Farnan LLP, 919 N. Market Street, 12th Floor, Wilmington, Delaware 19801, or at a location and time mutually agreeable to counsel.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized to administer oaths under the laws of the United States and shall continue from day to day until completed.  This deposition will be recorded by stenographic and audiovisual means by Planet Depos LLC (888-433-3767 or scheduling@planetdepos.com), and may involve the use of interactive, real-time transcription.

You are invited to attend and participate.


Dated:  August 23, 2018                                    Respectfully submitted,

                                                           FARNAN LLP

                                                           /s/ Michael J. Farnan
                                                           Joseph J. Farnan, Jr. (Bar No. 100245)
                                                           Brian E. Farnan (Bar No. 4089)
                                                           Michael J. Farnan (Bar No. 5165)
                                                           919 N. Market Str., 12th Floor
                                                           Wilmington, DE 19801
                                                           Tel: (302) 777-0300
                                                           Fax: (302) 777-0301
                                                           farnan@farnanlaw.com
                                                           bfarnan@farnanlaw.com
                                                           mfarnan@farnanlaw.com

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information
of DRL**

Amy K. Wigmore (admitted *pro hac vice*)
Gregory H. Lantier (admitted *pro hac vice*)
Tracey C. Allen (admitted *pro hac vice*)
Heather M. Petruzzi (admitted *pro hac vice*)
Christa J. Laser (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
202-663-6000
202-663-6363

Kevin S. Prussia  (admitted *pro hac vice*)
Andrew J. Danford (admitted *pro hac vice*)
Timothy A. Cook (admitted *pro hac vice*)
Kevin M. Yurkerwich (admitted *pro hac vice*)
Katherine P. Kieckhafer (admitted *pro hac vice*)
Annaleigh E. Curtis (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6000
617-526-5000

*Counsel for Plaintiffs Bristol-Myers Squibb
Company and Pfizer Inc.*

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

## SCHEDULE A

### Definitions

A.     Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

B.     "Plaintiff," "Plaintiffs," "our," or "ours" shall refer to BMS and Pfizer, collectively.

C.     As used herein, "you," "your," and "yours" shall refer, collectively or singly, to Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. ("DRL") and all of DRL's direct or indirect corporate parents, corporate predecessors, corporate successors, and all past or present subsidiaries, affiliates, divisions, units, departments, officers, directors, principals, agents, employees, representatives, assigns, attorneys, experts, insurers, and each person acting or purporting to act on its behalf.

D.     

E.     As used herein, "ANDA" or "your ANDA" shall refer to Abbreviated New Drug Application No. 210082.

F.     As used herein, "Notice" shall refer to the letter dated March 9, 2017, sent by DRL to Plaintiffs as required under 21 U.S.C. § 355(j)(2)(B)(ii), providing notice of DRL's filing of ANDA No. 210082.

G.     As used herein "Patent-in-Suit" means U.S. Patent No. 9,326,945.

H.     "Prior art" shall mean every publication or fact that you claim to support an invalidity defense under 35 U.S.C. §§ 102, 103.

I.     "Eliquis®" refers to the product that is the subject of New Drug Application ("NDA") No. 202155.

J.     "Apixaban" shall mean 1-(4-methoxyphenyl)-7-oxo-6-[4-(2-oxo-1-piperidinyl)phenyl]-4,5,6,7-tetrahydro-1H-pyrazolo[3,4-c]pyridine-3-carboxamide or

– A-1 –

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**



in any form.

K. "ANDA Product(s)" means the proposed drug product(s) that are the subject of your ANDA.

L. "ANDA API" means the Apixaban used to manufacture your ANDA Product.

M. "Apixaban Product" or "product containing Apixaban" shall refer to any product, composition, or formulation containing Apixaban, including but not limited to your ANDA Product, your ANDA API, and Eliquis®.

N. "Formulation" means a drug product or dosage form that allows release of an active ingredient.

O. "FDA" means the United States Food and Drug Administration, including any of its centers, departments, divisions, offices, subsidiaries, and/or other units.

P. "Person" means any natural person or any business, legal, or governmental entity or association.

Q. "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, printed, electronic materials (including e-mail), or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure.

R. "Communication" means any transmission of information by one or more persons and/or between two or more persons by means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, text

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

messages, other computer linkups, written memoranda, and face-to-face conversations.

S.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

T.    "Including" means including but not limited to.

U.    "Basis" means all facts and legal authority in support thereof.

V.    "Relate to," "relates to," "refers to," or "relating to" means relating to, referring to, mentioning, discussing, reflecting, containing, stating, describing, embodying, evidencing, constituting, dealing with, or making reference to in any way.

W.    "Thing" shall mean any physical specimen or other tangible item other than a document, in your possession, custody, or control.

X.    The terms "all," "each," and "any" shall be construed as all and any.

Y.    The use of the singular form of any word shall include the plural form and vice versa.

Z.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

AA.   The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

BB.   Words in the masculine, feminine, or neuter form shall include each of the other genders.

CC.   The use of any definition for the purposes of these deposition topics shall not be deemed to constitute an agreement or acknowledgement on the part of Plaintiffs that such definition is accurate, meaningful, or appropriate for any other purpose in this litigation.

## Topics of Examination

1.    The process by which you identified Apixaban as a candidate for a potential ANDA, and which individuals and entities were involved in that process.

2.    The decision to file your ANDA, the information considered in reaching that decision, and the individuals and entities involved in that decision.

3.    Your ANDA, any amendments or supplements thereto, and the drafting, preparation, and filing of the foregoing, and any plans to amend or supplement your ANDA, and any individuals or entities that were involved in the foregoing.

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

4.  All tests, analyses, studies, information, evaluations, and data contained or referenced in Sections 2.3, 3.2.S, and 3.2.P of your ANDA and any individuals or entities that were involved in the foregoing.

5.  Any communications from and to the FDA, and any documents related to those communications, regarding your ANDA or any apixaban drug master file referenced in your ANDA, including any complete response letter, deficiency letter, information request letter, easily correctable deficiency letter, first adequate letter, or no further comment letter, and any responses or communications concerning the foregoing.

6.  All patent certifications in connection with your ANDA, any amendments or supplements thereto, which individuals and entities were involved in the patent certifications, and what information was considered in preparing the patent certifications.

7.  The contents of the proposed labeling for your ANDA Products, the decision-making as to the contents of the proposed labeling for your ANDA Products, which individuals and entities were involved in the decision-making, the contents of any discussions related in any way to the decision-making, and any potential changes to the proposed labeling for your ANDA Products.

8.  The composition of your ANDA Products.

9.  The development of your ANDA Products.

10. The active ingredient in your ANDA Products, including any analysis or testing of the structure, composition, or properties of your ANDA API or any Apixaban composition used to make your ANDA API.

11. The polymorphic structure of Apixaban, polymorphic form(s) of Apixaban, particle size of any crystalline particles, and percentage of crystalline Apixaban in your ANDA Products and ANDA API, including, but not limited to, any analysis or testing of the existence and rate of Apixaban crystallization over time in your ANDA Products or ANDA API, any analysis or testing of intermediary forms of Apixaban formed during manufacturing of your ANDA Products or ANDA API, the method of analysis and testing conditions, the dates of any such testing, and the identity of any persons involved in any such analysis or testing.

12. The polymorphic stability of your ANDA API and the polymorphic stability of the Apixaban in your ANDA Products, including any analysis or testing of storage conditions for your ANDA API or ANDA Products.

13. The particle size of Apixaban in your ANDA API and/or your ANDA Products, including any method used to determine the particle size and any method used to determine a $D_{90}$ value, and any analysis or testing of the same, including the purpose of the testing, the composition of the tested material, the dates the testing was

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information of DRL**

performed, the testing methodology used, the identity of the persons responsible for performing, reviewing, analyzing, and evaluating the results of such testing, and the relationship between each category of testing and any portion of your ANDA.

14.   Any and all batches of your ANDA Products, including the batch size, batch number or other identifying notation, dates of manufacture, and any analyses, studies, or testing results of all drug lots or batches of your ANDA Products.

15.   The identification, source, composition, authentication, expiration, and storage conditions of any samples of your ANDA Products or ANDA API produced to Plaintiffs in this litigation.

16.   The method or process by which your ANDA Products are or will be manufactured and produced, including the steps or elements comprising those manufacturing methods or processes, the development of those manufacturing methods or processes, and the individuals or entities involved in determining those methods or processes.

17.   Any studies regarding the pharmacokinetic properties of Eliquis®, your ANDA Products, or any Apixaban Product.

18.   The projected sales and market share of your ANDA Products in the United States.

19.   Your marketing or planned marketing of your ANDA Products in the United States.

20.   Any actual, potential, projected, or anticipated commercial launch of your ANDA Products in the United States.

21.   The market for Eliquis®, your ANDA Products, any Apixaban Product, or any category of drugs including Eliquis®, your ANDA Products, any Apixaban Product, including anticoagulants and Novel Oral Anticoagulants ("NOACs").

22.   All communications between you and any other person or entity concerning your ANDA Products, apixaban, Eliquis®, or the Patent-in-Suit.

23.   All agreements between you and any other person or entity concerning Apixaban or your ANDA Products, including but not limited to any manufacturing, sourcing, or distribution agreements.

24.   Differences, if any, between Eliquis® and your ANDA Products.

25.   All comparative testing or studies, including the results thereof, between Eliquis® and other formulations containing apixaban, including your ANDA Products, considered by or for you or anyone acting on your behalf in connection with the development of your ANDA Products.

**Subject to Protective Order – Contains Competitively Sensitive Confidential Information
of DRL**

26.     Any novelty, patentability, validity, due diligence, or freedom-to-operate search, evaluation, or investigation conducted by or on your behalf relating to the subject matter of the Patent-in-Suit, including any analysis of any prior art to the Patent-in-Suit.

27.     The status of FDA's review of your ANDA Products and when you expect FDA approval or tentative approval to occur.

28.     Any and all efforts by you to design around any claim of the Patent-in-Suit or develop an alternative to the inventions claimed in the Patent-in-Suit.

29.     Any attempts by you or on your behalf to measure the $pK_a$ of Apixaban.

30.     Authenticity of documents produced by you or on your behalf in this litigation.

31.     Any and all responses to interrogatories served by you or on your behalf in this litigation.



32.

33.

34.

35.

36.

37.     All X-ray diffraction analyses you have performed on your ANDA API or your ANDA Products.



38.