**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | ) ) ) ) | **REDACTED - PUBLIC VERSION** C.A. No. 17-374-LPS (Consolidated) |
| Plaintiffs, | ) | |
| v. | ) ) | |
| AUROBINDO PHARMA USA INC., et al., | ) ) | |
| Defendants. | ) | |

**REPLY LETTER TO THE HONORABLE LEONARD P. STARK
IN SUPPORT OF DEFENDANT SIGMAPHARM LABORATORIES, LLC'S
MOTION TO STRIKE**

*Of Counsel:*
Marc R. Wezowski
Don J. Mizerk
Phillip D. Segrest, Jr.
Dustin L. Taylor
David A. Gerasimow
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500

Dated: July 9, 2019

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Counsel for Defendant
Sigmapharm Laboratories, LLC*

Attempting to persuade the Court to allow them to assert a new theory of direct infringement, Plaintiffs have submitted a list of incomplete statements from their various disclosures, and have conflated the concept of manufacturing an allegedly infringing ANDA product, with ███████████████████████████████████. But, Plaintiffs cannot twist their disclosures enough to hide the truth. Plaintiffs do not cite to a single disclosure asserting ███████████████████████████████████ Plaintiffs' entire argument boils down to a handful of quotes regarding the definition of the accused products and accusations of contributory infringement. These are insufficient and irrelevant. Defendant's motion should be granted.

First, Plaintiffs cite to two statements from the Complaint regarding their assertion that Sigmapharm will infringe various claims of the '208 patent by "manufactur[ing]" and "making" its ANDA product. (Resp. Ltr. at 2.) Similarly, Plaintiffs cite to a disclosure in their Amended Contentions that Sigmapharm will infringe by "making . . . Sigmapharm's Proposed Apixaban Products." (Resp. Ltr. at 2.) Making and manufacturing an allegedly infringing product are ███████████████████████████████████ 5 U.S.C. §271 defines direct infringement as "mak[ing] . . . any patented invention, within the United States, or import[ing] into the United States any patented invention." Thus, accusing Sigmapharm of infringement by making or manufacturing its proposed ANDA product ███████████████████████████████████

Notably, Plaintiffs' own citations make it clear that the product being accused of meeting the claim limitations is "Sigmapharm's ANDA product" and that making/manufacturing the ANDA product is the alleged act of infringement. ███████████████████████████████████ Plaintiffs next attempt to justify their New Infringement Theory by citing to their Final Contentions. There, Plaintiffs disclosed ███████████████████████████████████ (Resp. Ltr. at 3.) This allegation relates to contributory infringement, not direct infringement. §271(c) states that it is an act of contributory infringement to "import[] a component of a patented . . . composition, . . . knowing the same to be especially made or especially adapted for use in an infringement." Thus, all that Plaintiffs have disclosed here is an allegation that ███████████████████████████████████ Plaintiffs clearly admitted as much in their Final Contentions.[1] The disclosure goes on to note that "for each of these claims there is a direct infringer" which is the "medical practitioners who prescribe and/or administer Sigmapharm's Proposed Apixaban Products." (Opening Ltr. Ex. 3 at 6.) The contentions assert that ███████████████████████████████████

---

[1] ███████████████████████████████████

The Honorable Leonard P. Stark
July 9, 2019

Plaintiffs next point to a statement in their initial disclosures defining the accused products as ▮▮▮ In fact, Plaintiffs added language to their Final Infringement Contentions, further removing all doubt about the bounds of their contentions. Plaintiffs' contentions explicitly state that their allegations relate to ▮▮▮ And there can be no doubt that Plaintiffs' definition of Sigmapharm's "Proposed Apixaban Product" ▮▮▮ This discussion draws a clear line between the two forms of infringement, explaining that ▮▮▮ the material that Sigmapharm will "offer to sell, or sell" is "Sigmapharm's Proposed Apixaban Products." (Opening Ltr. Ex. 3 at 6.) Thus, there is no doubt that when Plaintiffs accuse "Sigmapharm's Proposed Apixaban Products" of direct infringement ▮▮▮

Plaintiffs next argue that there is no prejudice to Sigmapharm because it was allegedly ▮▮▮ This fact *proves* Sigmapharm's argument, not Plaintiffs'. While Sigmapharm was ▮▮▮ (Resp. Ltr. Ex. A at 222:16-22.) At that time, Sigmapharm was merely ▮▮▮ (*Id.* at 222:23 – 223:1.) Indeed, Sigmapharm did not need to ▮▮▮ The fact that Sigmapharm did not proceed further down that route clearly demonstrates the prejudice here. Had Sigmapharm timely known that Plaintiffs would ▮▮▮. Whether Sigmapharm moved to strike now or several months ago is immaterial, as the damage was already done – Plaintiffs hid their New Infringement Theory long enough that ▮▮▮. Plaintiffs' final argument, that it will be forced to bring a separate action if its New Infringement Theory is stricken, is also unavailing. Plaintiffs have asserted that ▮▮▮t. *See Hemphill v. Kimberly-Clark Corp.*, 335 F. App'x 964, 965 (Fed. Cir. 2008). The Court should therefore grant Sigmapharm's Motion to Strike.

Respectfully submitted,

/s/ John C. Phillips, Jr.

John C. Phillips, Jr. (No. 110)

cc: Plaintiffs' Counsel