**STAMOULIS & WEINBLATT LLC**
*Intellectual Property & Delaware Corporate Law*

*Confidential – Filed Under Seal*

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF & HAND DELIVERY**

August 23, 2019

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street, Room 6325, Unit 26
Wilmington, DE 19801-3555

      Re: *Bristol-Myers Squibb Company, et al. v. Aurobindo Pharma USA Inc., et al. (C.A. No. 17-374-LPS (Consolidated))*

Dear Chief Judge Stark:

      I, along with my co-counsel, represent former party, now third party, Mylan Pharmaceuticals Inc. ("MPI"). We write in opposition to Defendants' August 22, 2019 letter (ECF Nos. 605-606) ("Letter") seeking to compel production of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

      The Court should deny Defendants' requests for several reasons. First, Defendants have never articulated any viable reason why ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ have any relevance to any claim or defense at issue in the case. Defendants' Letter does not cure this defect. Second, Defendants' contention that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is wrong. MPI consistently maintained that the information sought is "competitively sensitive information" under the Protective Order ("PO") (ECF No. 48). Third, Defendants' request is untimely and moot. Discovery is long closed. The parties' pre-trial order exchanges are in less than two weeks - on September 4, 2019. At this late stage of the litigation, even if the Court grants Defendants' request (which, for the reasons stated herein, it should not), the only way to admit this new evidence would be to reopen discovery, causing unnecessary delay to the remaining parties and this Court. Finally, to the extent Defendants are really seeking the information to try to bolster their own settlement leverage or positions, case law confirms that is an improper purpose for seeking disclosure.

**Background.** Defendants served RFP No. 26 requesting "[a]ll licenses, assignments, and contracts related to or referring to the Orange Book Patents, including, but not limited to, the Patents-in-Suit or ELIQUIS®, including any settlement agreements, and all Documents relating to negotiations about such licenses, assignments and contracts."

      Plaintiffs responded in relevant part, "**subject to any third-party confidentiality obligations and/or necessary third-party consent**, Plaintiffs will produce **final license agreements** with third parties to rights in the Patents-in-Suit on an outside attorneys' eyes only basis." (emphasis added). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

The Honorable Leonard P. Stark
August 23, 2019
Page 2



**The Court Should Deny Defendants' Requests.**

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The relevance of an agreement is necessarily strictly tied to the specific issues raised in each case.  Thus, a party seeking discovery of an agreement must make a particularized or heightened showing of relevance or needs.  *See Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D. Pa 1995); *Spear v. Fenkell*, 2015 WL3947559, at *1-2 (E.D. Pa. Jun. 26, 2015).  Disclosure is inappropriate unless a party can demonstrate an agreement is relevant to the disputed claims and likely to lead to admissible evidence.  *See Lesal Interiors, Inc. v. Resolution Trust Corp.,* 153 F.R.D. 552, 561-64 (D.N.J. 1995).  Defendants cannot meet this burden.



Because Defendants cannot make this showing, their request should be denied.

2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

PPAB 5087891v1

The Honorable Leonard P. Stark
August 23, 2019
Page 3



. When MPI has asked Defendants to explain the relevance or need for this information, Defendants have failed to articulate any plausible reason. Defendants' Letter does not cure this dispositive defect.

    3. <u>MPI's Limited Redactions Are Proper</u>.  MPI's redactions pursuant to the PO are proper because disclosure of the information to MPI's direct competitors risks causing MPI significant competitive harm.  Section 4 of the PO defines "Competitively Sensitive Confidential Information," defining it as "Confidential Information that, if disclosed to any other Defendant, is likely to cause the Producing Party significant competitive harm," and Section 5 permits a Producing Party, which includes third parties, to designate materials as such.  *See* ECF 48 at 7. The remaining Defendants are all Mylan's competitors generally, and here they are specifically seeking approval for the same product.  As this Court has noted, "a key to [MPI's] success in the generic drug business is its constant involvement in Hatch-Waxman litigation."  *Bristol-Myers Squibb Co. v. Mylan Pharmaceuticals Inc.,* Case No. 1:17-cv-00379(LPS), ECF No. 36 at 37 (D. Del. Sep. 11, 2017).  Requiring MPI to disclose to its competitors ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is likely to cause MPI significant competitive harm, particularly to the extent any remaining Defendants may misuse the information to try to leverage better settlement terms for their clients.  Because the information has no bearing whatsoever on any claim or defense in this matter, there is no justification for exposing MPI to that risk.  *See Rembrandt Wireless Tech. L.P. v. Samsung Elecs. Co., Ltd.*, 853 F.3d 1370, 1381 (Fed. Cir. 2017) (holding "[i]t was within the district court's discretion to redact information from these agreements to prevent exposing confidential business information"); *Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp.*, 20007 WL 4166030, at *4 (N.D. Cal. Nov. 19, 2007) (same). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants' waiver argument is a last-ditch effort to manufacture some plausible excuse to seek disclosure of their competitor's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  The effort fails.  Defendants are challenging MPI's confidentiality designation of the Settlement Agreement under the PO.  Such challenges are subject to the procedure in Paragraph 17, which, in this instance, places the burden on Defendants – not MPI – to raise the challenge to the Court.  ECF No. 48 at 17.  MPI was under no obligation to take any additional action to protect its competitively sensitive information, and Defendants' request should be denied.  Last, to the extent Defendants' real motive is to seek a settlement advantage for themselves, that is not a justifiable reason to require MPI's disclosure.  *See Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999) (denying production of settlement agreement because Defendants' "interest in evaluating settlement strategies" did not overcome the confidentiality of the agreement).

    While MPI respectfully submits the above-stated reasons are sufficient for the Court to deny all Defendants' requests, if the Court would benefit from *in camera* review please let us know.  MPI also requests the ability to redact portions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and move for a protective order under Fed. R. Civ. P. 26(c)(1) and Section 32(c) of the PO with respect to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should the Court be inclined to order its production. *See Cipollone v. Liggett Group Inc.*, 785 F.2d 1108, 1112, n.3 (3d Cir. 1986); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994).

The Honorable Leonard P. Stark
August 23, 2019
Page 4

                                                             Respectfully Submitted,

                                                              Stamatios Stamoulis (#4606)
                                                              of Stamoulis & Weinblatt LLC

                                                               *Counsel for Mylan Pharmaceuticals Inc.*

cc: All Counsel of Record (via CM/ECF)